MR. JUSTICE MORRISON.
I respectfully dissent.
The undisputed facts establish that defendants entered into a real estate broker’s employment contract with plaintiffs Blumfield Agency and Bill Edwards for the sale of their real property. The brokers’ employment contract provided for the payment of a commission equal to seven percent of the selling price of the real property. That contract of employment stated as follows:
“For value received, you hereby are employed to sell or exchange the property described hereon at the selling price and on the terms noted. You hereby are authorized to accept the deposit on the purchase price. You may, if desired, secure the cooperation of any other broker, or group of brokers, in procuring a sale of said property. In the event that you, or any other brokers cooperating with you, shall find a buyer ready and willing to enter into a deal for the said price and terms, or such other terms and prices I may ac *521 cept, or that during your employment you place me in contact with a buyer to or through whom at any time within a 180 days after the termination of said employment I may sell or convey said property, I hereby agree to pay you in cash for your services a commission equal to seven percent of the above stated selling price.” (emphasis added)
On September 15, 1980, plaintiff Durocher Realty, cooperating with the listing agreement of plaintiff Blumfield Agency, presented to the defendants an executed earnest money receipt and agreement to sell and purchase. Subsequent to the execution of the purchase and sale agreement, problems arose between defendants and the purchasers over the assumption of an existing mortgage with the Farmers Home Administration. Negotiations aimed at compromise were conducted, but the ultimate transfer of the real property between purchaser and seller never took place. The agreement to sell and purchase was not conditioned upon assumption of the FHA mortgage and no showing was made that the purchasers were financially unable to complete the transaction.
The plaintiffs performed under the listing agreement and were entitled to their commission. The brokers’ work was finished. What subsequently transpired between sellers and purchasers is of no consequence. Under the listing agreement plaintiffs are entitled to their commission.
I would reverse and remand with directions to enter judgment in favor of plaintiffs.